IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 13 C 00092 |
| RITEWAY-HUGGINS CONSTRUCTION SERVICES, INC., | ) ) ) ) | Judge Mason |

**PLAINTIFFS' MOTION TO REINSTATE
AND ENFORCE THE PARTIES' SETTLEMENT AGREEMENT**

Plaintiffs, the Laborers' Pension and Welfare Funds, by their attorneys, respectfully request this court to reinstate the above captioned matter and amend the complaint according to parties' Settlement Agreement. In support of this motion plaintiffs state as follows:

1. On November 5, 2013, the Court ordered the above captioned matter dismissed, without prejudice, granting leave to reinstate on or before November 30, 2015. (Exhibit 1). Based on the failure of the Company to pay its note payments which are due monthly but have not been paid for October 2014 to the present and its failure to abide by its promise to pay the current contributions, the Funds bring this motion for reinstatement and entry of a judgment, and as provided by paragraph 9 of the Settlement Agreement. (See, Exhibit 2).

2. On or about October 12, 2013, the parties entered into a Settlement Agreement and

1

Release which provided for payment of contributions to the Funds by Riteway-Huggins Construction Services, Inc. ("Riteway"). A copy of the Settlement Agreement and Release is attached as Exhibit 2, and the Installment Notes for contributions owed as shown by reports for the period November through December 2012, and for penalties are attached as Exhibit 3.

3. Plaintiffs seek reinstatement of this matter because, according to the Funds' Field Representative, Michael Christopher whose Affidavit is attached hereto, Riteway failed to pay installment note payments for October 2014 through the present for both installment notes, and failed to pay contributions for May 2015 to the present. Plaintiffs seek an order which includes all amounts delinquent for the balance of each installment note and seek an order requiring the Company to report and pay current contributions.

4. The Settlement Agreement and Release provides in paragraph 9 that the Funds have the right to accelerate and collect all amounts due, after payments are due or within five days of a material breach of the Agreement. Five days have past since the Company failed to pay monthly note payment for October 2014 to the present. A copy of a demand made to counsel for Riteway-Huggins Construction Services, Inc., is attached hereto as Exhibit 5.

5. As established by Michael Christopher, the balance due on one note is $68,429.62, and the balance for the other note is $29,166.60, for a total amount of $97,596.22, in delinquent note payments. (See Affidavit).

6. Plaintiffs will send notice of this motion to Defendant at the law offices James X. Bomes, 8 South Michigan Avenue, Suite 2600, Chicago, Illinois 60603.

7. The Settlement Agreement provides in paragraph 10 that judgment will be entered for all unpaid amounts due plus reasonable attorneys' fees incurred by the Funds in their efforts to obtain

compliance with this Settlement Agreement and Release. Plaintiffs will seek attorneys' fees and costs for the time expended in collecting amounts due the Funds.

8. The Settlement Agreement provides in paragraph 9 that should Riteway-Huggins Construction Services default on the Settlement Agreement and Release, the Funds have leave to declare the entire unpaid balance due and shall be entitled to entry of judgment against Larry Huggins, individually. The Settlement Agreement allows the Funds to amend the Complaint against Larry Huggins and without further notice to seek judgment against Larry Huggins for all unpaid amounts due.

Wherefore, Plaintiffs request this Court to order the following:

- Reinstate this cause;

- Enter judgment on behalf of the Funds in the amount of $97,596.22;

- Enter an order requiring the Defendant to report and pay contributions to the Funds and dues to the Union on behalf of employees covered by the Laborers' Agreements for hours worked during the months of May 2015 to the present;

- Amend the Complaint adding Larry Huggins, individual and enter judgment against Larry Huggins for all amounts owed;

- Grant Plaintiffs' leave to petition the Court for attorneys' fees and costs involved in bringing this motion to reinstate, and;

- Require the Company to remit all contribution reports for May 2015 through the present and pay all amounts due.

Respectfully submitted,

/s/ Karen I. Engelhardt
One of plaintiffs' attorneys

Karen I. Engelhardt
Allison, Slutsky & Kennedy, P.C.,
230 West Monroe Street, Suite 2600
Chicago, IL 60606
(312) 364-9400

July 22, 2015